UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROCHA,<br><br>                                   Petitioner,<br><br>v.<br><br>NEIL MCDOWELL, Warden,<br><br>                                   Respondent. | Case No.:  3:16-cv-00606-GPC-NLS<br><br>**REPORT AND RECOMMENDATION FOR ORDER:**<br><br>**(1) GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE SECOND AMENDED PETITION [Dkt. No. 20]; and**<br><br>**(2) GRANTING MOTION TO HOLD FEDERAL HABEAS PETITION IN ABEYANCE [Dkt. No. 14.]** |

   Petitioner Juan Rocha, proceeding with counsel, filed a motion for leave to file his Second Amended Petition for Writ of Habeas Corpus (SAP).  Along with the claims added to his First Amended Petition (FAP), he asks to add a newly exhausted claim and two unexhausted claims to his original claims.  He also seeks to hold the SAP in abeyance while he exhausts the remaining two claims.  Respondent opposes both motions.  For the following reasons, the court **RECOMMENDS** that the district judge **GRANT** the motion for leave to file a second amended complaint and **GRANT** the motion for stay and abeyance.

1

## I. Procedural Background.

On March 10, 2016, Rocha, represented by attorney Carl Fabian—who served as Rocha's appointed counsel on direct appeal—filed his original Petition for Writ of Habeas Corpus (Petition). It was given case number 16cv606-GPC. The Petition contained four exhausted claims and one unexhausted claim.

Meanwhile, on March 14, 2016, Rocha, proceeding pro se, filed a different habeas petition containing four of the same claims as in the Petition filed by counsel. That petition was given case number 16cv638 and was constructively filed on March 9, 2016.

On April 1, 2016 the '638 case was low-numbered to the '606 case. On April 6, 2016, Charles Khoury substituted in as counsel on the '606 case. On May 11, 2016, Respondent filed an answer to the Petition in the '606 case.

Rocha's counsel asked for an extension of time to respond to the answer or otherwise file an appropriate pleading, such as a FAP accompanied by a motion for stay and abeyance. Rocha's counsel said "opposing counsel has graciously stated he does not oppose this extension" to file the FAP and motion to stay and abey. The court granted the extension. Rocha, through counsel, filed a FAP on August 1, 2016, along with this motion for stay and abeyance. The FAP consisted of seven claims - the original five claims in the '606 case plus two new unexhausted claims. Respondent opposes the requested stay on the grounds that the new claims are untimely.

On August 12, 2016 this court issued a Report and Recommendation (R&R) for an order sua sponte consolidating the two habeas petitions because they attack the same criminal conviction, involve the same parties, and except for the new claims in the '606 case, involve common questions that call for the same determinations of fact and law. That R&R is still under consideration by the district judge.

On September 2, 2016, Rocha filed a motion for leave to file the SAP, which contains one unexhausted additional new claim. Respondent opposes the motion for leave to amend because it would be futile to add the eighth claim, as it is untimely. Respondent also asks the court to reconsider its allowance of the filing of the FAP.

## II. Discussion.

### A. Motion for Leave to File Second Amended Petition.

#### 1. Legal Standard.

A habeas corpus petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under Federal Rule of Civil Procedure 15, a party may amend the pleading once as a matter of right; all other cases require written consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a)(2). While amendment should be granted freely, a court may deny a motion to amend if it is made in bad faith, there was undue delay, prejudice would result to the opposing party, it would be futile, or it would delay the proceedings. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Nunes v. Ashcroft*, 375 F.3 805, 808 (9th Cir. 2004). Futility alone is a sufficient basis to deny a motion to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

#### 2. Discussion.

Rocha says his state appellate counsel only filed a form petition with five claims on March 10, 2016 to meet the AEDPA time limit. The FAP filed on August 1, 2016 consisted of seven claims - the original five claims plus two new claims for ineffective assistance of counsel. Then, 33 days later—on September 2, 2016—Rocha sought leave to file the SAP that contains an eighth claim, in the form of an additional claim for ineffective assistance of counsel. Respondent opposes, arguing that claims six and seven from the FAP and claim eight in the SAP are all untimely.[1] Opp'n to Mtn. for Leave,

---

[1] In asking the court to reconsider its order allowing the filing of the FAP, counsel argues that leave of court was required. The court took Mr. Khoury's declaration of June 20, 2016 to mean that in consenting to the extension of time to file the FAP and the motion for stay and abeyance, opposing counsel also consented to the *actual filing* of the FAP. It seems that Respondent's attorney is now saying that he only consented to the extension of time and not to the actual pleading itself. Instead of reconsidering the August 12, 2016 order separately, for the sake of judicial efficiency, the court construes the motion for leave to file the SAP as applying to the filing of both the amended petitions.

p.2. Respondent argues that Rocha does not show how his claims are not futile because they are late and Rocha does not address equitable tolling. *Id.*

Rocha explains that claims six, seven and eight were not included in the original petition because Rocha's appellate counsel (1) only protectively filed the original petition so that Rocha could later add new claims and then move to stay and abey; and (2) had no tactical reason for failing to raise them in the direct appeal.

Nothing in the papers indicates that Rocha seeks to make this amendment in bad faith, or in the context of these proceedings he acted with undue delay, or the amendment would significantly delay these proceedings, or Respondent would be prejudiced by the amendments. The real issue is whether the additional unexhausted claims would be futile to add because they would be late under the statute of limitations.

To determine whether a habeas claim is late under the statute of limitations, the court must examine whether statutory or equitable tolling applies. *See Holland v. Florida*, 560 U.S. 631, 634 (2010) (stating the one-year limitations period under AEDPA is subject to equitable tolling"). Rocha did not raise the issue of equitable tolling in his moving papers. Respondent raised the issue and points out that Rocha did not bring it up. Opp'n Mtn. for Leave, p.3. Rocha then briefly addressed the issue in his reply brief.

The court is accustomed to reviewing this issue in the context of a motion to dismiss for failure to comply with the statute of limitations, where the subject of tolling is the focus of the motion and is fully fleshed out. While the petitioner holds the burden of proving that equitable tolling is appropriate, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), the statute of limitations is an affirmative defense that respondent has the burden to raise, *see Day v. McDonough*, 547 U.S. 198, 208 (2006), *see also Mayfield v. Scribner*, 2008 WL 789926, *11 (S.D. Cal. Mar. 21, 2008). In ruling on such a defense "a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 208.

It seems the parties did not fully address the issue of equitable tolling as they would in the context of a motion to dismiss based on failure to comply with the statute of

limitations under AEDPA. Because the court finds that more focused briefing on this issue would be helpful and would provide fair notice and an opportunity to the parties to sufficiently present their respective positions, it is premature to determine whether the proposed amendments are futile. Further, at this point in the litigation and in the context of the motion to amend, the court finds that even though the new claims arise from the original set of facts and rest on new theories, Rocha, through the declarations of trial and appellate counsel, provided a "satisfactory explanation for his failure to fully develop his contentions originally." *See Bonin*, 59 F.3d at 845.

Thus, this court finds that leave to amend is appropriate here, without prejudice to Respondent seeking to dismiss the newly-added claims via a motion to dismiss that fully addresses the issue of whether Rocha is entitled to any tolling for the newly-added claims.

### B. Motion for Stay and Abeyance.

#### 1. Legal Standard.

Habeas petitioners in federal court must first exhaust their state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987). Ordinarily, to achieve exhaustion, a petitioner must "fairly present[] his federal claim to the highest state court with jurisdiction to consider it . . .or . . .demonstrate[] that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). When a petitioner files a "mixed" petition (one that contains both exhausted and unexhausted claims), a district court may grant a stay and abeyance of the mixed petition if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). But a "stay and abeyance should be available only in limited circumstances." *Id.* at 277.

The Supreme Court did not define the good cause standard in *Rhines*. The Ninth Circuit considers it a standard less stringent than the "extraordinary circumstances" standard for equitable tolling of the statute of limitations. *See Jackson v. Roe*, 425 F.3d

654, 661-662 (9th Cir. 2005). More specifically, it stated that "a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust," will demonstrate good cause under *Rhines*. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014) (finding good cause where petitioner alleged specific arguments about his post-conviction counsel and supported them with extensive evidence, including psychological evaluation reports, a declaration by the private investigator who worked briefly for his post-conviction attorney, and 13 declarations from family and friends).

### *2. Discussion.*

Here, one of the three new claims has already been exhausted. Counsel says that a petition for writ of habeas corpus has already been filed on the other claims. Mtn. Stay and Abey, p.4. Considering that the two unexhausted claims are already awaiting an order from the California Supreme Court, and petitioner employed counsel to work on this habeas petition, this court finds that the petitioner has not engaged in intentionally dilatory tactics.

The court also finds that Rocha's assertion of good cause for his previous failure to exhaust is supported by the record. Rocha attached declarations from both trial and appellate counsel that state they had no strategic reasons for failing to raise the three issues at the trial or appellate levels. He also attaches the dissent from the appellate court's ruling on his direct appeal, which reads that the jury should have been instructed with an involuntary manslaughter instruction. Justice MacDonald's eight-page dissent, along with the declarations of two attorneys that point to the ineffective assistance of counsel, constitute good cause to hold the petition in abeyance.

Finally, given the reasoning in the dissent from the direct appeal, and the California Supreme Court's June 30, 2016 decision in *People v. Sanchez*, 63 Cal.4th 665 that overruled the use of hearsay testimony by police officers used by the prosecution to secure convictions of gang members in violation of the sixth amendment right to confrontation—upon which one of Rocha's IAC claim is based—this court finds that Rocha's unexhausted claims are potentially meritorious.

In sum, this court finds that good cause exists to hold this petition in abeyance while Rocha continues to exhaust the last two claims in state court.

### III. Conclusion.

For the foregoing reasons, this court **RECOMMENDS** that the district judge:

A. **GRANT** the motion for leave to file the SAC without prejudice to Respondent filing a motion to dismiss based on the statute of limitations and **DEEM** Docket No. 20-1 to be the operative petition in this case;

B. **GRANT** the motion for stay and abeyance and **STAY** the case;

C. **ORDER** Petitioner to file a notice to lift the stay within 10 days of the California Supreme Court ruling on the unexhausted claims;

D. **LIFT** the stay when appropriate; and

E. **ORDER** Respondent to file a responsive pleading within 30 days of the stay being lifted.

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). **IT IS ORDERED** that no later than **November 29, 2016**, any party to this action may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections must be filed with the court and served on all parties no later than **December 6, 2016**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: November 14, 2016

Hon. Nita L. Stormes
United States Magistrate Judge