UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROCHA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NEIL MCDOWELL, Warden,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:16-CV-00606-GPC-AGS<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>**[Dkt. No. 24]:**<br><br>**(1) GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE SECOND AMENDED PETITION**<br><br>**[Dkt. No. 20]**<br><br>**(2) GRANTING MOTION TO HOLD FEDERAL HABEAS PETITION IN ABEYANCE**<br><br>**[Dkt. No. 14]** |

## INTRODUCTION

Petitioner Juan Rocha, proceeding with counsel, filed a motion for leave to file his Second Amended Petition for Writ of Habeas Corpus ("SAP"). Dkt. No. 20. Rocha previously amended his claims on August 1, 2016 when he filed a First Amended Petition. Dkt. No. 13. He also requests that the Court hold his SAP in abeyance while he

exhausts the latter two claims. Dkt. No. 14. United States Magistrate Judge Nita L. Stormes filed a Report and Recommendation granting petitioner's motions for leave to file a second amended petition and motion to hold his habeas petition in abeyance while he exhausts in state court. Based on the reasoning below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, **GRANTS** the petitioner's motion for leave to file a second amended petition, and **GRANTS** the petitioner's motion for stay and abeyance.

## PROCEDURAL BACKGROUND

On March 10, 2016, Rocha filed a Petition for Writ of Habeas Corpus in this Court. Dkt. No. 1. On August 1, 2016, Rocha filed a First Amended Petition ("FAP"), Dkt. No. 13, and a motion to stay his federal habeas petition while he exhausted his state claims, Dkt. No. 14.

Petitioner raised seven grounds for relief in the FAP: (1) insufficient evidence for charge of second degree murder; (2) insufficient evidence to warrant gang enhancement; (3) failure to instruct on primary activities of a criminal street gang; (4) failure to instruct jury on meaning of "gang allegations"; (5) failure to instruct jury on lesser included offense of involuntary manslaughter; (6) ineffective assistance of counsel for failing to request an instruction on involuntary manslaughter; (7) deprivation of Sixth Amendment right to confront the gang expert who testified with hearsay (as to petitioner's gang membership). Dkt. No. 13.

On September 20, 2016, Petitioner filed a motion for leave to file a second amended petition. Dkt. No. 20. Petitioner's SAP raises the previous seven grounds for habeas relief and adds (8) deprivation of Sixth Amendment right to confront the gang expert who testified with hearsay (as to gang's predicate offenses). Petitioner is currently pursuing his unexhausted habeas claims in state court. Pet.'s Status Report, Dkt. No. 26.

On November 14, 2016, Magistrate Judge Stormes filed a Report and Recommendation granting the petitioner's motion for leave to file a second amended

petition, which applies to the filing of both the first and second amended petitions,[1] and his motion for stay and abeyance.  Dkt. No. 24.  No objections have been filed to the Magistrate Judge's Report and Recommendation.

## STANDARD OF REVIEW

The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1).  "A judge of the court shall make a de novo determination of those portions of the report . . . to which objection is made."  28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989).  However, in the absence of timely objection, as is the case here, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72 advisory committee's notes.  When no objections are filed, a district court may assume the correctness of the magistrate judge's findings and recommendations, and decide the motion on the applicable law.  Campbell v. U.S. Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974); Johnson v. Nelson, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001).

## DISCUSSION

**A.     Motion for Leave to File Second Amended Petition**

**1.   Legal Standard**

A petition for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  28 U.S.C. § 2242.  Under Fed. R. Civ. P. 15, courts should give leave to amend freely "when justice so requires."  When ruling on a motion to amend, the Ninth Circuit has "repeatedly stressed that the

---

[1] Due to earlier confusion concerning whether Respondent consented to Petitioner filing his FAP (which the Magistrate Judge granted over Respondent's objection), the Magistrate Judge ruled on Petitioner's SAP as though it sought to amend the two claims originally introduced by the FAP and the additional claim named in the SAP.  In other words, because the Magistrate Judge mistakenly thought that Respondent had no objections to the filing of the FAP, the Magistrate took the Report and Recommendation as an opportunity to assess whether all three of the claims should be amended to the original habeas petition.  R&R, Dkt. No. 24 at 3 n.1.  The Court's analysis follows suit.

1  court must remain guided by the underlying purpose of rule 15," that is, "to facilitate
2  decisions on the merits, rather than on the pleadings." <u>Nunes v. Ashcroft</u>, 375 F.3d 805,
3  808 (9th Cir. 2003) (internal quotation omitted).  However, a court may deny a motion to
4  amend if it is made in bad faith, there was undue delay, prejudice would result to the
5  opposing party, amendment would be futile, or amendment would delay the proceeding.
6  <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Nunes</u>, 375 F.3d at 808.  Futility alone is
7  a sufficient basis for denying a motion to amend.  <u>Novak v. United States</u>, 795 F.3d 1012,
8  1020 (9th Cir. 2015).

**2. Discussion**

In the Report and Recommendation, the Magistrate Judge concludes that there was no evidence to indicate that Petitioner had made either amendment in bad faith, that he had acted with undue delay, or that the amendment would significantly delay these proceedings.  The Court agrees.

Petitioner's original habeas petition was filed on March 10, 2016, and in it, Petitioner moved for five separate grounds for relief.  Dkt. No. 1.  According to a letter written by Petitioner's prior counsel, the original petition was a "bare minimum," filed "just to prevent the [AEDPA] deadline from expiring."  Dkt. No 23-1.[2]  After substituting in new counsel on April 6, 2016, Petitioner filed his First Amended Petition on August 1, 2016, which contained the five original claims, plus two new ones.  The Second Amended Petition was filed about a month later, on September 2, 2016, and contained an eighth claim.  Not even six months passed between the time that Petitioner filed his original habeas petition and the time he filed his SAP.  As such, the Court concurs in the Magistrate's assessment that there is no evidence of bad faith or undue delay.

Having found these factors to be neutral, the Magistrate Judge focused on Respondent's argument that granting leave to amend would nonetheless be futile because

---

[2] Indeed, as Respondent points out, Petitioner's previous counsel filed his habeas petition on the last day of AEDPA's one year statute of limitations.  <u>See</u> Dkt. No. 22 at 1.

the statute of limitations for filing the amended claims had run.  The Magistrate Judge concluded that it was not clear, based upon the parties' arguments, that amendment would be futile.  For the following reasons, the Court agrees.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), "a person in custody pursuant to the judgment of a State court" has a "1-year period of limitation" to petition a federal court for a writ of habeas corpus.  28 U.S.C. § 2244(d).  That one-year statutory limit "is subject to equitable tolling in appropriate cases."  Holland v. Florida, 560 U.S. 631, 645 (2010).  Litigants seeking equitable tolling bear the "burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Respondent argues that granting leave to amend would be futile because Petitioner does not appear to warrant equitable tolling, as he was "represented by counsel since the time of filing."  Dkt. No. 18 at 2.  Respondent further faults Petitioner for not addressing equitable tolling in his second motion to amend the habeas petition.  Dkt. No. 22 at 3; see also Pace, 544 U.S. at 418 (petitioner bears the burden of demonstrating equitable tolling).  The Court observes, however, that contrary to what Respondent suggests, Petitioner did raise the issue of equitable tolling in his Motion to File a Second Amended Petition, albeit in a cursory fashion.[3]  See Dkt. No. 20 at 5 ("The March 10 letter shows that counsel only filed a form petition after retaining the records of the appeal for the entire time of the AEDPA statute of limitations.  Equitable tolling right up to and including March 10, 2016 is eminently available under that circumstance.").  As such, given the limited briefing on equitable tolling currently before the Court, the Court finds that the administration of justice is better served by allowing Petitioner's SAP to be filed without prejudice as to any future timeliness challenge.  See Day v. McDonough, 547

---

[3] The Court further observes that the R&R misspoke when it stated that Petitioner had not raised the issue of equitable tolling in his moving papers.  See R&R, Dkt. No. 24 at 4.

U.S. 198, 209 (2006) (recognizing that district courts may, in certain cases, exercise discretion to decide whether justice is better served by dismissing the case on statute of limitations grounds or by reaching the merits of the petition).

Both the futility and prejudice inquiries support this conclusion.  First, the Court notes that its conclusion does not prejudice Respondent, as Respondent is still free to assert the statute of limitations as an affirmative defense in its answer or by way of motion to dismiss.  See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in original).  Two, the Court notes that its decision to allow the SAP to be filed comports with the permissive standard of Rule 15(a), which is broad enough to permit courts to defer considering challenges to an amended pleading until after leave to amend is granted.  See Velasco v. SEI Pharms, Inc., 2013 U.S. Dist. LEXIS 10505, at *4-5 (S.D. Cal. Jan. 25, 2013) (deferring consideration of respondent's argument that the amended habeas claims were "futile" until after the amended pleading is filed); see also Netbula v. Distinct Corp., 212 F.R.D. 534, 538-39 (N.D. Cal. 2003) ("A claim is considered futile . . . if there is no set of facts which can be proved under the amendment which would constitute a valid claim . . . denial of leave to amend on this ground is rare.").  Accordingly, the Court finds that neither futility nor prejudice weigh against allowing leave to file the SAP.  The Respondent is free to raise the statute of limitations as a defense in a later filing with the Court, at which time both parties can address the statute of limitations more fully.  See Day, 547 U.S. at 210 ("a court must accord the parties fair notice and an opportunity to present their positions" before "acting on its own initiative" as to the statute of limitations).

B. Motion for Stay and Abeyance

   1. Legal Standard

A state prisoner cannot petition a federal court for a writ of habeas corpus until he exhausts all state remedies, "giving the State 'the opportunity to pass upon and correct

alleged violations of its prisoners' federal rights.'" 28 U.S.C. § 2254(b)-(c); <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004) (internal citation omitted).  Ordinarily, exhaustion requires that the petitioner "fairly present his federal claim to the highest state court with jurisdiction to consider it," or that "he demonstrate[] no state remedy remains available." <u>Medley v. Runnels</u>, 506 F.3d 857, 868 (9th Cir. 2007).  The exhaustion requirement, however, is different for mixed habeas petitions, that is, petitions containing both exhausted and unexhausted claims.  When a petitioner files a mixed petition, a district court has discretion to stay and hold the unexhausted claims in abeyance until those claims are completely exhausted, as long as the petitioner shows (1) "good cause for . . . the failure to exhaust his claims first in state court"; (2) that "his unexhausted claims are potentially meritorious"; and (3) that "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  <u>Rhines v. Weber</u>, 544 U.S. 269, 277-78 (2005).

A showing of "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure."  <u>Blake v. Baker</u>, 745 F.3d 977, 982 (9th Cir. 2014); <u>see</u> <u>also</u> <u>Rhiner v. Crawford</u>, 415 F. Supp. 2d 1207, 1211 (D. Nev. 2006) ("[T]he good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claims . . . by circumstances over which he had little or no control, such as the actions of counsel . . . when petitioner had no knowledge of the claim's existence.")

**2. Discussion**

Petitioner asks to add three new grounds for relief through his amended petition: (1) ineffective assistance of counsel for failing to request an instruction on involuntary manslaughter; (2) deprivation of confrontation right through the improper admittance of hearsay testimony that petitioner was a "Carlsbad gang member for most of his life"; and (3) deprivation of confrontation right through the improper admittance of hearsay testimony regarding petitioner's alleged gang activity.

Beginning with the third *Rhines* factor, the Court concludes that there is no evidence that Petitioner has engaged in dilatory tactics by seeking to amend his petition. A court's discretion to stay and abey is limited by concerns of timeliness, as some prisoners "might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death." Rhines, 544 U.S. at 277-78. Here, however, Petitioner has no reason to indefinitely prolong his federal habeas review as he is not facing the death sentence. The Court moreover concludes that Petitioner's prompt initiation of state post-conviction proceedings militates against any finding of dilatory tactics. The first of the three claims that Petitioner seeks to amend (i.e., the IAC claim) has already been exhausted, and the latter two Sixth Amendment claims are already under review in the state post-conviction process. R&R, Dkt. No. 24 at 6 (citing Pet.'s Mot. to Stay, Dkt. No. 14 at 4). As such, the Court finds that there is no basis for concluding that the current motion to stay, filed just four months after new counsel was procured, was the result of dilatory measures.

Next, the Court must consider whether any unexhausted claims are potentially meritorious. Courts may deny a petition on the merits only when it is "perfectly clear that the petitioner has no hope of prevailing." Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). Here, the record supports finding that the three claims Petitioner seeks to amend are potentially meritorious. To demonstrate the merits of his IAC claim, Petitioner attached the dissent from the appellate court's ruling on his direct appeal, which clearly states that the jury should have received an involuntary manslaughter instruction. R&R, Dkt. No. 24 at 6. The dissent's strong disagreement with the appellate court's conclusion suggests that Petitioner's claim has, at the very least, the potential to be meritorious. As for the merits of his confrontation right claims, Petitioner points to the California Supreme Court's recent decision in People v. Sanchez. Sanchez overturned street gang enhancement findings based on the use of hearsay testimony by police officers because the practice violates gang members' Sixth Amendment rights to confront the witnesses against them. 63 Cal. 4th 665, 699 (2016). Given the relevance of

the Sanchez holding to Petitioner's Sixth Amendment claims, the Court finds that both claims are equally, potentially meritorious.

Finally, Petitioner must demonstrate good cause for his failure to exhaust his claims in state court prior to filing them in federal court. "An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." Blake, 745 F.3d at 981. Yet "[w]hile a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Id.

Here, Petitioner has provided a declaration from trial counsel stating that he had no strategic reason for not providing the jury with an involuntary manslaughter instruction. Pet.'s Mot. to Stay, Dkt. No. 14-2 at 1. Petitioner has also provided the Court with a declaration from appellate counsel stating that he had no tactical reason for not raising the Sixth Amendment issues raised by grounds seven and eight of Rocha's amended petition previously. *Id.*, Dkt. No. 14-1 at 2; *see also* Dkt. No. 20-1 at 16-17. In light of these declarations, and the fact that Petitioner has already begun to exhaust grounds seven and eight in state court post-conviction proceedings, the Court concludes that Petitioner has demonstrated a reasonable excuse, supported by record evidence, for not failing to exhaust. Accordingly, this Court finds that good cause exists to hold this petition in abeyance while Petitioner continues to exhaust his last two claims in state court.

## CONCLUSION

Based on the above, the Court **ADOPTS** the report and recommendation of the Magistrate Judge, and:

   A. **GRANTS** petitioner's motion for leave to file the SAP, without prejudice to Respondent filing a motion to dismiss based on the statute of limitations;

   B. **GRANTS** the motion for stay and abeyance and **STAYS** the case;

   C. **ORDERS** Petitioner to file a notice to lift the stay within 10 days of the California Supreme Court ruling on the unexhausted claims;

   D. **ORDERS** that the stay be lifted when appropriate;

1    E.  **ORDERS** Respondent to file a responsive pleading within 30 days of the stay
2        being lifted; and
3    F.  **DENIES** Petitioner's March 1, 2016 motion for extension of time to file
4        additional briefing as moot (Dkt. No. 30).
5    **IT IS SO ORDERED.**

Dated:  March 13, 2017

Hon. Gonzalo P. Curiel
United States District Judge